FILED
MISSOULA, MT

2006 SEP 15 PM 1 34

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| TONI L. MARTIN, | ) | CV 05-78-M-LBE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. Introduction

United States Magistrate Judge Leif B. Erickson entered Findings and Recommendation in this matter on January 19, 2006 concerning the parties' motions for summary judgment. Judge Erickson recommended granting Defendant's motion for summary judgment, denying Plaintiff's motion for summary judgment, and affirming the Commissioner of Social Security's decision. Plaintiff did not file objections and is therefore not entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear

error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

I find no clear error in Judge Erickson's Findings and Recommendation and thus adopt them in full. Because the parties are familiar with the procedural history and the factual background, they will not be restated here.

## II. Analysis

Plaintiff claims the ALJ erred in denying her application for disability insurance benefits and Supplemental Security Income by (1) inappropriately disregarding statements by treating physicians regarding Plaintiff's inability to work; (2) failing to cite clear and convincing reasons for discounting Plaintiff's testimony; and (3) failing to consider the combined effects of Plaintiff's multiple impairments when determining Plaintiff retained the ability to perform a limited range of light work. Judge Erickson rightly recommended rejecting each of Plaintiff's contentions.

First, the ALJ did not inappropriately disregard statements by Plaintiff's physicians. The statement made by Dr. Schlessinger was part of Plaintiff's medical history taken at intake, not a medical opinion. Even if the statement could be

construed as a medical opinion, the opinion of a treating physician is not conclusive on the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). Moreover, Dr. Corsi's statements, which indicate Plaintiff suffered ongoing pain from rheumatoid arthritis and should undergo a neurosurgical evaluation for cervical radiculopathy, are not inconsistent with the ALJ's finding that Plaintiff is not disabled. Dr. Corsi's records indicate Plaintiff's condition is controlled with medication and improves following each flare of arthritis. Finally, Dr. Selbach's statement on Plaintiff's disability insurance form indicating she is unable to work is conclusory and unsupported by the underlying clinical findings made by Dr. Selbach during Plaintiff's two doctor visits.

Second, the ALJ's finding regarding the credibility of Plaintiff's testimony was properly supported. When a claimant produces objective medical evidence of an impairment that could reasonably be expected to produce some degree of symptom and there is no evidence of malingering, an ALJ can only reject subjective testimony of the severity of the symptom by citing specific, clear and convincing reasons for doing so. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996). Here, the ALJ specifically supported its finding that Plaintiff's testimony as to the extent of her pain and limitations was not entirely credible by noting the testimony was inconsistent with the

activities Plaintiff performed on a daily basis, her medical records, and her appearance at the hearing before the ALJ.

Third, the ALJ sufficiently considered the combined effects of Plaintiff's multiple impairments when determining she retained the ability to perform a limited range of light work.  The two impairments the ALJ did not expressly mention (chest pain and muscle spasms) can be controlled with medication and were not alleged to have affected Plaintiff's ability to work.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Erickson's Findings and Recommendation are adopted in full.  Plaintiff's motion for summary judgment is DENIED.  Defendant's motion for summary judgment is GRANTED, and the Commissioner of Social Security's decision is AFFIRMED.

Dated this 15 day of September, 2006.

Donald W. Molloy, Chief Judge
United States District Court